# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **CAREY A. FORTSON,** *Plaintiff*, v. **UNITED STATES OF AMERICA, and MIDDLE DISTRICT OF GEORGIA UNITED STATES ATTORNEY OFFICE,** *Defendants.* | **CIVIL ACTION NO. 3:24-cv-00064-TES** |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is pro se Plaintiff Carey A. Fortson's Motion for Reconsideration [Doc. 5]. Plaintiff commenced this civil action on July 10, 2024, by filing a Complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP"). [Doc. 2]. On July 26, 2024, the Court granted Plaintiff IFP status, screened his Complaint under 28 U.S.C. § 1915(e), determined that his claims were barred by the doctrine of res judicata, and dismissed his Complaint with prejudice. [Doc. 3]; *see* [Doc. 1]. Plaintiff now asks the Court to reconsider its decision. [Doc. 5].

"Motions for Reconsideration shall not be filed as a matter of routine practice," and "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." LR 7.6, MDGa; *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d

1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 816 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

Plaintiff doesn't assert that "there has been an intervening change in the law" or identify any clear error in the Court's res judicata analysis. *See* [Doc. 5]. Therefore, the Court understands his argument to be that "new evidence has been discovered that was not previously available to the parties" when the Court entered its order on July 27, 2024, or perhaps that "reconsideration is necessary to . . . prevent manifest injustice." *See Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2).

First, Plaintiff appears to argue that he has discovered new evidence: two court

orders from the Superior Court of Elbert County, signed and filed on April 11, 2003. [Doc. 5, p. 2]; *see* [Doc. 5-1]. However, these publicly available records—which show that Plaintiff's cases were placed on the inactive docket during his time in federal custody—have been available to Plaintiff for over two decades. *See* [Doc. 5-1]. Although they don't appear to be relevant to Plaintiff's claims at all, to the extent that they are, they certainly don't qualify as "new evidence . . . not previously available to the parties." *See Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2).

Next, Plaintiff claims that he didn't receive the Court's Order dismissing his Complaint and only learned of it when attempting to file an amendment, at which point the Clerk of Court's office provided him with a copy of the Order. [Doc. 5, p. 1]. This fact has no bearing on the Court's decision, and to the extent that Plaintiff believes this constitutes manifest injustice, the Court disagrees. *See Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2).

Finally, Plaintiff devotes much of his Motion to relitigating his due process claim, challenging the Court's understanding of sovereign immunity, and arguing that the Court misconstrued his claims. [Doc. 5, pp. 2–5]. These arguments are unpersuasive, but more importantly, they're irrelevant to the Court's decision, and thus don't provide a basis for reconsideration. *See Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2); *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Accordingly, because Plaintiff fails to demonstrate any basis for the Court to

reconsider its decision, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 2].

**SO ORDERED**, this 25th day of October, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
